PETER H. MURPHY & another *vs.* EDMUND H. RACE & another.

Plymouth. May 2, 1966. — June 8, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Real Property,* Restriction. *Deed,* Construction. *Evidence,* Extrinsic affecting writing. *Words,* "Longest lateral dimension."

A restriction in a deed limiting the length of the "longest lateral dimension" of any dwelling constructed on certain land was ambiguous, and in a proceeding involving such restriction it was proper to admit evidence supporting findings that the parties to the deed intended to limit only the "depth" of a dwelling and that the words of the restriction referred to the sides of a dwelling and not to its front or rear.

BILL IN EQUITY filed in the Superior Court on November 25, 1964.

An interlocutory decree confirming a master's report and a final decree dismissing the bill were entered by *Good,* J. The plaintiffs appealed from both decrees.

*Robert L. Macomber* (*David F. Whelan* with him) for the plaintiffs.

*Paul V. Power* for the defendants.

REARDON, J. This is a suit in equity against the defendants to enforce a restriction on the use of the defendants'

premises which adjoin those of the plaintiffs. The restriction was contained in a deed of land given in August, 1959, by the defendants to the plaintiffs' predecessors in title and it read as follows: "Said premises are conveyed with the benefit of the following restriction which restriction shall be only for the benefit of the premises herein conveyed, the within . . . [grantees], their heirs and assigns: No dwelling shall be erected on lots 23 and 24A [the defendants' premises], the height of which above the grade line of said lot shall be more than 18 feet above the mean level of the Northwesterly boundary of said lot 24A or any portion of which shall be within 15 feet of said Northwesterly line of lot 24A or the longest lateral dimension of which, exclusive of any breezeway, garage or other appurtenant building shall exceed 26 feet." In the deed from the plaintiffs' predecessors in title to the plaintiffs there was reference to this restriction and to the fact that the premises were conveyed subject to and with the benefit of it. In 1964, the defendants commenced the construction of a new house, the longest dimension of which was forty feet and interposed between Hingham Harbor and the plaintiffs' premises.

There was a hearing before a master who found "[t]he restriction was designed to prevent the obstruction of the view of Hingham Harbor from the plaintiffs' house," and emphasized that the "only issue in the case concerns the meaning of the words 'longest lateral dimension' in the . . . sentence imposing the restriction." The master found the words in question to be ambiguous and admitted evidence over the objection of the plaintiffs relative to the intention of the parties at the time the deed incorporating the restriction was drafted. In deciding to admit such evidence he noted the plaintiffs' contention that "by adding the word 'longest' the draftsman intended to refer to the longest dimension of the house, whether it be front, rear or side, thus limiting the size of the house to 26 feet in any direction." The evidence admitted over objection consisted of a plan dated 1956 for a house to be built by the defendants and a transcript of the proceedings before the Hingham

board of appeals in July of 1959. It was properly admitted because the plans prepared of the lot and proposed house were the subject of the hearing at which the plaintiffs' predecessors in title were present. The house on the plans was 55′ 10″ by 22′, with the long side both parallel to the line between the lots and interposed between what are now the plaintiffs' premises and the harbor. It was thus situated as is the presently proposed house but was fifteen feet longer. The plans were drawn and the hearing occurred before the defendants deeded the plaintiffs' premises to their predecessors in title. As the master found, the deed's "restrictions were imposed with the 1956 plans in mind," and the evidence taken illuminated the intentions of the parties in 1959 and thus the meaning of the clause in the 1959 deed. See *Oldfield* v. *Smith,* 304 Mass. 590, 600, and cases cited. See also *Langevin* v. *Fletcher,* 273 Mass. 543, 545–546.

He further found that in 1959 the intention of the defendants and the plaintiffs' predecessors in title was to limit "the depth of any house to 26 feet" and that in the deed the "longest lateral dimension" referred to the sides of the planned house rather than to its front or rear, and thus that the presently proposed house complied with the restriction. The restriction relative to the height of the house to be constructed and its proximity to the lot line was sufficient to protect the view of Hingham Harbor from the plaintiffs' house which, as the master stated, was the purpose of the restriction.

The dismissal of the bill was proper.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs of appeal.*